Leslie **WISE**, et al., Plaintiffs

v.

**OHIO DEPARTMENT OF EDUCATION,**
et al., Defendants.

**No. 1:92CV0138.**

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 30, 1994.

Lois J. Robinson and Susan L. Gragel, Gold, Rotatori, Schwartz & Gibbons, Cleveland, OH, for plaintiffs.

Karin Elaine Wilson, Office of the Asst. Atty. Gen.; Lauren M. Ross, Joseph M. Zaccaria, Office of the Atty. Gen., Columbus, OH, Abraham Lieberman, Jay C. Marcie, Michael J. Loughman, Warhola, O'Toole, Loughman, Alderman & Stumphauzer, Lorain, OH, Thomas M. Mangan, Office of the Pros. Atty., Elyria, OH, and Andrew A. Paisley, and Richard T. Prasse, Hahn, Loeser & Parks, Cleveland, OH, for defendants.

*MEMORANDUM OF OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT*

WELLS, District Judge.

This case is before this Court on the cross-motions for summary judgment filed by all parties. This matter was referred to United States Magistrate Judge Jack B. Streepy for a report and recommended decision. Magistrate Judge Streepy has submitted his report and recommendation, recommending that the Court (1) declare that the State of Ohio is legally responsible to pay for the education of the plaintiff minor children at Murray Ridge School, and (2) enjoin the State of Ohio from requiring defendant Our Lady of the Wayside Children's Home to pay tuition for the schooling under Ohio Rev.Code Ann. § 3323.141. For the reasons which follow, the Court accepts and adopts the Magistrate Judge's report and recommendation.

*PROCEDURAL HISTORY*

The plaintiffs in this case are (1) two minor children, Leslie Wise and Sarah Waters, who reside at Our Lady of the Wayside Children's Home in Avon, Ohio, and (2) their parents, David and Patricia Wise of Phoenix, Maryland and Lloyd Waters and Barbara Dinkgrave of Michigan. Defendants are the Ohio Department of Education ("ODOE"), the Lorain County Board of Mental Retardation and Developmental Disabilities ("MR/DD Board"), Avon Local Board of Education ("ALBE"), and Our Lady of the Wayside Children's Home ("OLW").

The complaint contends that since 1982, the plaintiff children have been residents of OLW, a state licensed residential facility providing long-term care to developmentally disabled children. Their parents retain legal custody of the children and pay OLW for their care. OLW is in the Avon school district, and the ALBE has evaluated the children and placed them at Murray Ridge School, which is operated by the MR/DD Board.

Pursuant to Ohio Rev.Code Ann. §§ 3323.09(C) and 3323.141, the MR/DD Board has billed OLW for tuition for the children for school years 1989–90, 1990–91, and 1991–92, in the total amount of approximately $90,000. The plaintiff parents believe that if OLW is liable for the tuition, the parents will be required to reimburse OLW. Plaintiffs assert that the children are entitled to a free and appropriate public education under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, and demand injunctive relief to preclude defendants from enforcing the Ohio statutes.

Plaintiffs demand (1) a declaratory judgment that Ohio Rev.Code Ann. §§ 3323.09 and 3323.141 conflict with the requirements of IDEA, (2) injunctive relief prohibiting the defendants from collecting or attempting to collect tuition under the Ohio statutes, and (3) attorney's fees and costs.

The MR/DD Board answered and cross-claimed against OLW for the tuition costs for each of the children. OLW counterclaimed against the plaintiffs, asserting that they are liable to OLW for the tuition costs. .

## LAW AND ANALYSIS

Each party has moved for summary judgment. Plaintiffs contend that IDEA requires all states which receive federal funding for the education of children with disabilities to provide such education *free of charge* to all children in the state. Defendants argue that IDEA does not prohibit a residency requirement, and children who reside in "homes" in Ohio and whose parents or guardians are out-of-state are not residents of Ohio. Defendants also argue that the plaintiff parents are ultimately liable for all of the children's tuition because they unilaterally placed their children at the school without invoking the administrative appeal provision available under IDEA to challenge their prior placement and without following the placement procedures in their home states. The MR/DD Board also seeks judgment on its cross-claim against OLW; OLW seeks summary judgment on its counterclaim against the plaintiffs.

### The Material Facts

The material facts in this case are few and undisputed. The plaintiff children live at OLW, a home in the State of Ohio, but are subject to the legal custody of their parents, who have lived out-of-state since their children were born. The children have both lived at OLW since 1982, and their parents have stated that they have no present inten-

tion to change their placement there. OLW placed one child, Sarah Waters, in Murray Ridge School in 1982; the other child was placed there in 1985. Although it is not clear how the placements were made initially, the ALBE evaluated the children twice (in 1984 and 1991) and recommended that they be placed at Murray Ridge. The MR/DD Board now demands payment from OLW for the plaintiff children's tuition pursuant to Ohio Rev.Code Ann. §§ 3323.09 and 3323.141; OLW demands reimbursement from the plaintiff parents.[1]

### The Legal Issue

The issue presented is whether the Ohio statutes which permit the MR/DD Board to charge tuition to OLW[2] are consistent with the IDEA.

Having so framed the issue, it is important to note what is *not* in dispute. There is no dispute the ALBE and the MR/DD Board have provided the plaintiff children with an education. The only issue is whether, consistent with the requirements of the IDEA, they can require OLW to pay for that education because the children are "not in the legal or permanent custody of an Ohio resident or a government agency in this state and [their] parents are not known to have been residents of this state subsequent to the child's birth." The Court also notes plaintiffs do not question the *constitutionality* of this "residency" requirement; their sole argument is that the requirement is inconsistent with the IDEA. With these factors in mind, the Court will turn to the requirements of the Ohio statutes and the IDEA.

### The Ohio Statutes

Ohio Rev.Code Ann. § 3323.141 provides, in pertinent part:

(A) When a child who is not in the legal or permanent custody of an Ohio resident or a government agency in this state and whose parents are not known to have been

---

1. The MR/DD Board objects to this finding in the Magistrate Judge's report and recommendation, on the ground that "Ohio law does not require this, and [the Board] has to question whether this would really ever occur." Let us be clear: *OLW has actually asserted a claim against the parents for the tuition costs in this case.*

2. The MR/DD Board objects to the Magistrate Judge's statement that the Ohio statutes require the children's parents to pay their tuition. The Court agrees that the statutes do not directly require payment by the parents, but require the "home" (in this case, OLW) to pay the tuition.

residents of this state subsequent to the child's birth is a resident of a home as defined in section 3313.64 of the Revised Code and receives special education and related services from a school district or county board of mental retardation and developmental disabilities, the home shall pay tuition to the board providing the special education.

§ 3323.09(C)(1) additionally provides that the home must pay tuition to the board within thirty days after it receives a statement from the Board regarding the child. The parties agree that OLW is a "home" under § 3313.64.

Magistrate Judge Streepy concluded these statutes were not consistent with the IDEA. The Magistrate Judge stated the IDEA required the State of Ohio to provide free, appropriate public education to all handicapped children within the state, and it was inconsistent with this requirement to demand that a home pay tuition on behalf of children "within" the state whose parents were out-of-state. The Magistrate Judge concluded that because Ohio had accepted federal funding under the IDEA, it was required to provide free, appropriate education ·to the plaintiff children, and could not charge OLW for their tuition. Defendants object to the Magistrate Judge's report and recommendation.

*The IDEA*

The IDEA provides federal funds to assist state and local governments in educating handicapped children. To qualify for federal funding, the state must submit a detailed plan that demonstrates "[t]he State has in effect a policy that assures all children with disabilities the right to a *free* appropriate public education." 20 U.S.C. § 1412(1) (emphasis added). The state must also submit a plan which ensures, among other things, (a) "a *free* appropriate public education will be available for all children with disabilities between the ages of three and eighteen *within the State* ...," and (b) "all children *residing in the State* who are disabled, ... are identified, located, and evaluated, ...." § 1412(2)(B) & (C) (emphasis added). Thus, the question is whether the Ohio statutes deny a "free" education to children "within the State" or "residing in the State."

*Residency.*

The IDEA requires states which receive federal funding to provide free education to disabled children who *reside* in the state. Defendants ODOE, the MR/DD Board, and ALBE all argue that the plaintiff children are not residents of Ohio because, although they live in a "home" in Ohio, they are "not in the legal or permanent custody of an Ohio resident or a government agency in this state and [their] parents are not known to have been residents of this state subsequent to the child's birth."

The MR/DD Board discusses at length the many public policy justifications for residency requirements. The Court does not question the legitimacy of residency requirements in general, and plaintiffs do not challenge them. The issue here is the much more specific question whether the State of Ohio may impose a residency requirement which irrebuttably presumes that a child is a nonresident if his or her parents or legal guardians have never resided in Ohio. The Court finds that it may not.

The United States Supreme Court has held that a strict standard of "residency" may not be applied to school-age children. However, "a school district generally would be justified in requiring school-age children or their parents to satisfy the traditional, basic residence criteria—i.e., to live in the district with a bona fide intention of remaining there—before it treated them as residents." *Martinez v. Bynum,* 461 U.S. 321, 332, 103 S.Ct. 1838, 1844, 75 L.Ed.2d 879 (1983).

The residency of the plaintiff children must be determined independently of the residency of their parents. *Steven M. v. Gilhool,* 700 F.Supp. 261 (E.D.Pa.1988). While the residency of the parents may be a factor in determining a child's residency, the ultimate issue is whether the children live in Ohio with the bona fide intention of remaining here. "In most cases, of course, it is the intention of the parent or guardian on behalf of the child that is relevant." *Martinez,* at n. 14.

The evidence in this case indicates that the children live in Ohio,·and·their parents have

a bona fide intention that they remain here. They are therefore residents of Ohio. The Ohio statutes, however, irrebuttably presume that they are non-residents because their parents have not lived in Ohio since they were born. The Ohio statutes therefore conflict with the requirement of IDEA that the state provide free appropriate public education to children who *reside* in a state which receives federal funding for that purpose.

*Free Education.*

■ In its objections to the Magistrate Judge's report and recommendation, the MR/DD Board appears to argue that the plaintiff children are being provided with a "free" education. The plaintiff parents are not required to pay for the children's education—the "home," OLW, is the person required to pay. Therefore, the Board argues Ohio Rev.Code Ann. § 3323.141 does not violate the duty under the IDEA to provide the plaintiff children with a "free" education.

The IDEA specifically states that "[t]he term 'free appropriate public education' means special education and related services that—(A) have been provided at public expense, under public supervision and direction, and without charge." 20 U.S.C. § 1401(18). Regulations implementing the IDEA define a "free education" as

> the provision of educational and related services *without cost to the handicapped person or to his or her parents or guardian,* except for those fees that are imposed on non-handicapped persons or their parents or guardian. It may consist either of the provision of free services or, if a recipient places a handicapped person in or refers such person to a program not operated by the recipient as its means of carrying out the requirements of this subpart, of payment for the costs of the program. *Funds available from any public or private agency may be used to meet the requirements of this subpart.* (Emphasis added.)

The analysis of this regulation notes that the "recipient's financial obligations need not be met solely through its own funds. Recipients may rely on funds from any public or private source including insurers and similar third

parties." 45 C.F.R. Part 84, Appendix A, ¶ 23.

It is clear that IDEA does not permit a state which receives federal funding to charge the parents or guardians of resident disabled children for the cost of their education. While the IDEA does allow the state to use funds available from public or private agencies, and even insurance companies and other third party payors, these provisions cannot be indirectly used to undermine this basic goal.

■ The Ohio statute as applied in this case indirectly charges parents or guardians for the tuition of resident children whose parents or guardians reside out of state. Ohio law allows the MR/DD Board to charge OLW. In turn, OLW demands that the parents reimburse it for this expense. Nothing in Ohio law precludes OLW from doing so. The net result is the MR/DD Board is charging the parents for their children's education, in contravention of IDEA.

*Placement Procedures*

Defendants finally argue that the plaintiff parents are legally responsible for all of the tuition for the children because they unilaterally placed the children at the Murray Ridge School without following the proper placement procedures in their home states. The Court finds that this assertion is not factually supported by the record. The parents sent the children to live at OLW. OLW, in conjunction with the ALBE, placed the children at Murray Ridge.

*CONCLUSION*

For the foregoing reasons, the Court finds that there are no genuine issues of material fact and the plaintiffs are entitled to judgment as a matter of law. The Court therefore grants the plaintiffs' motion for summary judgment and denies the motions for summary judgment filed by defendants ODOE, MR/DD Board, and ALBE.

The Court will enter a declaratory judgment that, as applied in this case, Ohio Rev. Code Ann. §§ 3323.141 and 3323.09 are inconsistent with the IDEA's requirement that a state which receives federal funds for the

education of disabled children must provide such children who reside in the state with a free, appropriate public education. The Court will further enjoin the MR/DD from charging tuition to OLW under the provisions of Ohio Rev.Code Ann. § 3323.141 and 3323.09.[3]

Having determined that the MR/DD Board may not charge tuition to OLW, the Court will enter judgment for OLW on the MR/DD Board's cross-claim for tuition. This judgment will render moot OLW's claim against the plaintiff parents, so the counterclaim will be dismissed.

The parties may submit a proposed judgment entry for the Court's consideration on or before September 12, 1994.

---

**3.** The Court leaves to the defendants the question who should pay for the children's education.